J-A18027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NANCY J. STOVER, EXECUTRIX OF THE ESTATE OF HORACE W. STOVER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILMAC HEALTH CARE, INC., D/B/A LANCASHIRE HALL, WILMAC CORPORATION; BROCKIE HEALTHCARE, INC.; MANOR CARE OF LANCASTER, PA, LLC, ET AL. | |
| APPEAL OF: MANORCARE OF LANCASTER PA, LLC., ET AL. | |
| Appellants | No. 1286 MDA 2014 |

Appeal from the Order entered July 7, 2014
In the Court of Common Pleas of Lancaster County
Civil Division at No: CO-13-06519

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:　　　　　　　　**FILED JUNE 18, 2015**

This appeal is from an order overruling preliminary objections to compel arbitration of claims brought under the Wrongful Death and Survival Acts.[1]  The claims arise from the death of Horace W. Stover, after he was a resident at a nursing home operated by Appellants (collectively, ManorCare).

_____

[1] Respectively, 42 Pa.C.S.A. §§ 8301 and 8302.  Though the order is interlocutory, we have jurisdiction under 42 Pa.C.S.A. § 7320.  **See** Pa.R.A.P. 311(a)(8).

The wrongful death claims are not subject to arbitration, because a decedent's agreement to arbitrate is not enforceable against the decedent's wrongful death beneficiaries. *Taylor v. Extendicare Homes, Inc.*, 113 A.3d 317, 320 (Pa. Super. 2015) (citing *Pisano v. Extendicare Homes*, 77 A.3d 651, 654 (Pa. Super. 2013)). In addition, the Survival Act claims must be joined with the wrongful death claims, Pa.R.C.P. No. 213(e), and requiring joinder does not violate the Federal Arbitration Act, 9 U.S.C. § 2. *Taylor*, 113 A.3d at 326-28.

We decided *Taylor* after the principal briefs were filed in this case. In its Reply Brief,[2] ManorCare contends *Taylor* was wrongly decided, but concedes that it controls. We agree. *See, e.g., Regis, Inc. v. All Am. Rasthskeller, Inc.*, 976 A.2d 1157, 1161 n.6 (Pa. Super. 2009) (quotation omitted) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court."). Therefore, based on *Taylor*, we affirm the order overruling ManorCare's preliminary objections.

Order affirmed. Jurisdiction relinquished.

_____

[2] The Reply Brief is untimely. Appellee has not objected. We exercise discretion to excuse the untimely filing. *See* Pa.R.A.P. 105(a).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/2015